IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODOR WILLE INTERTRADE GmbH, )
d/b/a SERVCO SOLUTIONS, )
                                 )
         Plaintiff/Counter-Defendant, )
                                 )
v.                                  )     Case No.: 1:07-cv-00907
                                 )     The Hon. Colleen Kollar-Kotelly
CORPORATE BANK FINANCIAL       )
SERVICES, INC.,                    )
                                 )
         Counterclaimant-Defendant. )
_____ )

**ANSWER AND COUNTERCLAIM
OF CORPORATE BANK FINANCIAL SERVICES, INC.**

Defendant/Counterclaimant Corporate Bank Financial Services, Inc. ("COBANKS"), by its undersigned counsel, hereby submits its Answer and Counterclaim against Theodore Wille Intertrade GmbH, d/b/a Servco Solutions ("Servco"), and in support thereof states as follows:

## I.    PARTIES

1.     COBANKS lacks knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 1 of the Complaint and therefore denies same.

2.     COBANKS denies that its principal place of business is at 1733 Connecticut Avenue, N.W., Washington, D.C. 20009. Its headquarters are located at 2215 M Street, N.W., Washington, D.C. 20037. COBANKS denies the allegations contained in the second sentence of Paragraph 2 of the Complaint.

## II.     JURISDICTION AND VENUE

3.      The averments of Paragraph 3 constitute legal conclusions to which COBANKS need not respond and Defendant otherwise denies same.  Notwithstanding, COBANKS admits that this Court has subject matter jurisdiction over this action.

4.      The averments of Paragraph 4 constitute legal conclusions to which COBANKS need not respond and Defendant otherwise denies same. COBANKS denies the allegations in the second sentence.  Notwithstanding, COBANKS admits to the existence of personal jurisdiction.

5.      The averments of Paragraph 5 constitute legal conclusions to which COBANKS need not respond.  Notwithstanding, COBANKS admits that venue is proper in this Court.

## III.     FACTUAL BACKGROUND

6.      COBANKS admits the averments contained in the first sentence of Paragraph 6 of the Complaint.   COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 6 of the Complaint and therefore denies same.

7.      COBANKS lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint and therefore denies same.

8.      COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 8 of the Complaint and therefore denies same.

9.      COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 9 of the Complaint and therefore denies same.

10.      COBANKS admits that Servco and COBANKS entered into a "Subcontract Agreement" in or about early July 2006.  The remainder of the averments of Paragraph 10 consist of legal conclusions to which COBANKS need not respond and Defendant otherwise

denies same. Defendant further states that the agreement speaks for itself and otherwise denies Plaintiff's characterizations of same.

11.    COBANKS admits that Servco began its performance on or about July 10, 2006 and that it paid Servco approximately $158,274.52. The remainder of the averments of Paragraph 11 constitute legal conclusions to which no response is required.

12.    Denied.

13.    COBANKS admits that Exhibit E to the Complaint appears to be a true copy of an invoice and otherwise denies the remaining averments contained in Paragraph 13.

14.    COBANKS admits that it made payments in approximately the amounts set forth in Paragraph 14, but denies that Plaintiff is entitled to any payment and otherwise denies the remaining averments of Paragraph 14 of the Complaint.

15.    Denied.

## IV.    CLAIMS

### COUNT I:  BREACH OF CONTRACT

16.    COBANKS incorporates Paragraphs 1 through 15 above as if fully set forth herein.

17.    COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 17 of the Complaint and therefore denies same.

18.    COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 18 of the Complaint and therefore denies same.

19.    COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 19 of the Complaint and therefore denies same.

20.     COBANKS admits that it made a timely payment to Servco in the amount of approximately $25,000, but denies the remaining averments of Paragraph 20 of the Complaint.

WHEREFORE Defendant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Plaintiff Theodor Wille Intertrade GmbH, d/b/a Servco Solutions in all respects as to claims in Count I.

## COUNT II:  BREACH OF CONTRACT

21.     COBANKS incorporates Paragraphs 1 through 20 above as if fully set forth herein.

22.     COBANKS admits that Servco and COBANKS entered into a "Subcontract Agreement" in or about early July 2006.  The remainder of the averments of Paragraph 22 consist of legal conclusions to which COBANKS need not respond and Defendant otherwise denies same.

23.     Denied.

24.     Denied.

25.     COBANKS admits that it timely paid Servco approximately $158,274.52. COBANKS denies the remaining averments of Paragraph 25 of the Complaint.

WHEREFORE Defendant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Plaintiff Theodor Wille Intertrade GmbH, d/b/a Servco Solutions in all respects as to claims in Count II.

## COUNT III:  UNJUST ENRICHMENT

26.     COBANKS incorporates Paragraphs 1 through 25 above as if fully set forth herein.

27.    COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 27 of the Complaint and therefore denies same.

28.    COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 28 of the Complaint and therefore denies same.

29.    COBANKS lacks sufficient knowledge to admit or deny the allegations contained in the remainder of Paragraph 29 of the Complaint and therefore denies same.

WHEREFORE Defendant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Plaintiff Theodor Wille Intertrade GmbH, d/b/a Servco Solutions in all respects as to claims in Count III.

## COUNT IV:  UNJUST ENRICHMENT

30.    COBANKS incorporates Paragraphs 1 through 29 above as if fully set forth herein.

31.    COBANKS admits that Servco provided certain goods and services in connection with construction of a residential camp for CIVPOL personnel in Al Qaim, Iraq.  COBANKS denies the remainder of Paragraph 31 of the Complaint.

32.    Denied.

33.    Denied.

WHEREFORE Defendant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Plaintiff Theodor Wille Intertrade GmbH, d/b/a Servco Solutions in all respects as to claims in Count IV.

## V.    PRAYER FOR RELIEF

1.    Denied.

2.    Denied.

3.    Denied.

4.    Denied.

5.    Denied.

6.    Denied.

7.    Denied.

8.    Denied.

WHEREFORE Defendant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Plaintiff Theodor Wille Intertrade GmbH, d/b/a Servco Solutions in all respects on all counts in the Complaint.

## AFFIRMATIVE DEFENSES

1.    Each count of the Complaint fails to state a claim upon which relief can be granted.

2.    Servco's claims are barred by the doctrines of waiver and estoppel.

3.    Servco's claims are barred by the misrepresentations and inequitable conduct of Servco.

4.    Servco's claims are barred by the doctrine of unclean hands.

5.    Servco's materially breached the contracts at issue, thereby relieving COBANKS of any obligations thereunder.

6.    Servco's claims are barred by their own illegal actions, omissions and failure to perform.

7.    Servco's claims are barred due to the failure of conditions precedent and/or conditions subsequent.

7.    Servco's claims are barred by the doctrine of laches.

8.      Servco was contributorily negligent.

9.      Servco assumed the risk of the incurring the damages alleged.

10.     Servco lacks standing to seek the relief requested in the Complaint.

11.     Servco's claims for damages are limited to the extent that they failed and refused to take any steps to mitigate their alleged damages.

12.     COBANKS is excused from performing pursuant to Servco's own failure to perform.

13.     Servco's claims are barred because of Plaintiff's failure to join indispensable parties to this action pursuant to Rule 19 of the Federal Rules of Civil Procedure, without which this Court cannot award complete relief.

14.     Unless expressly admitted herein, each and every allegation of Servco's Complaint is DENIED.

15.     COBANKS reserves the right to amend this answer and assert additional defenses and to supplement, alter or change its answers and defenses upon revelation of more definite facts or upon the undertaking of discovery and investigation in this matter.

## COUNTERCLAIM

Counterclaimant COBANKS for its Counterclaim against Counter-Defendant Servco states as follows:

### FACTS COMMON TO ALL COUNTS AND CLAIMS

1.      Or about April 26, 2006, COBANKS entered into a contract with DynCorp International, Inc. (DynCorp), whereby COBANKS was to direct the construction of a residential camp for personnel in Al Qaim, Iraq.

2.      Pursuant to COBANKS' obligations pursuant to the contract with DynCorp, of which Servco was fully aware, in or about early July 2006, COBANKS entered into a fixed price subcontract agreement with Servco whereby Servco was to construct a residential camp at Al Qaim, Iraq.

3.      Pursuant to the Agreement, COBANKS was to pay Servco a total amount of $633,098.11 for materials and labor.  COBANKS' payments were to be made according to the following schedule:  (a) 25% of the total contract price as mobilization payment prior to the commencement of work;  (b) an additional 25% of the total contract price upon Servco completing 50% of the total work obligated under the Agreement; (c) an additional 40% of the total contract price upon Servco completing 90% of the total work obligated under the Agreement; and (d) the remaining 10% of the total contract price upon COBANKS final acceptance of Servco's completion of the work obligated under the Agreement.

4.      Pursuant to the Agreement, COBANKS paid Servco the 25% mobilization payment of approximately $158,274.52.

5.      At all times relevant hereto, Servco understood and knew that, with respect to Servco's work, time was of the essence, and that the Al Qaim residential camp should be completed within six weeks.

6.      After the parties had entered into the Agreement, from time to time, the parties modified the terms of the Agreement and their obligations thereunder.

7.      On or about July 10, 2006, Servco began work under the Agreement.  On or about August 23, 2006, DynCorp issued a "stop work notice" to COBANKS, which ordered COBANKS to cease and desist all work on the Al Qaim project.  DynCorp issued the "stop work notice" because less than 10% of the work required to complete the camp had been performed.

8.    On or about August 23, 2006, after and as a result of receiving the DynCorp stop work notice, COBANKS notified Servco, *inter alia*, that (i) the work Servco performed was insufficient and failed to meet the requirements of the Agreement, and (ii) Servco failed to complete 10% of the work required of it pursuant to the Agreement.    Therefore, COBANKS ordered Servco to stop work under the Agreement.

9.    Servco did not perform any additional work pursuant to the Agreement after August 23, 2006.

10.    COBANKS performed all of its obligations under the Agreement.    In fact, COBANKS payment of approximately $158,274.52 to Servco constituted an overpayment for the work Servco actually performed.

11.    Servco's failure to complete even 10% of the work it was obligated to perform under the Agreement and failure to perform the work in a workmanlike manner constituted a material breach of the Agreement.

12.    At all times relevant hereto, Servco knew and/or should have known the nature and extent of COBANKS' obligations regarding the residential camp pursuant to its contract with DynCorp.    Consequently, it was reasonably foreseeable to Servco that any breach by Servco's under the Agreement would cause, *inter alia*, COBANKS to incur substantial financial loss, including but not limited to losses due to the project's delay, as well as labor and material replacement costs, and that any such breach by Servco under the Agreement would harm COBANKS's reputation and its relationship with DynCorp

13.    As a direct and proximate result of Servco's breaches of the Agreement, COBANKS did incur substantial financial loss, including but not limited to losses attributable to delay and labor and material replacement costs.

## COUNT I:  BREACH OF CONTRACT

14.    COBANKS incorporates and re-alleges Paragraphs 1-13 as if fully set forth herein.

15.    The Agreement constitutes a valid and enforceable Agreement.

16.    Servco materially breached the Agreement, among other things, by the following: (i) failing to complete the scope of work as set forth in the Agreement; and (ii) failing to perform the required work for the Al Qaim Project in a workmanlike manner.

17.    Servco failed to complete even 10% of the work it was obligated to perform under the Agreement.

18.    COBANKS performed all of its obligations under the Agreement and all conditions were met or otherwise satisfied.  In fact, COBANKS' payment of approximately $158,274.52 to Servco constituted an overpayment for the deficient work that Servco performed.

19.    As a direct and proximate result of Servco's breach, COBANKS did incur substantial financial loss and other losses, including but not limited to loss due to delay and labor and material replacement costs and damage to its reputation and goodwill.  These damages, which are estimated to exceed $500,000, were reasonably foreseeable to Servco.

WHEREFORE Counterclaimant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Plaintiff Theodor Wille Intertrade GmbH, d/b/a Servco Solutions on Count I as follows: (a) compensatory damages in the amount of at least $500,000 or as proven at trial; (b) prejudgment and post-judgment interest; (c) attorneys' fees and the costs associated with this litigation; and (d) such other and further relief as the Court deems just and appropriate.

## COUNT II: UNJUST ENRICHMENT

20.    COBANKS incorporates and re-alleges Paragraphs 1-19 as if fully set forth herein.

21.    Servco completed less than 10% of the work it was obligated to perform pursuant to the Agreement.

22.    Servco was only entitled to receive a payment proportional to (i) the amount of work it performed in relation to the full contract price and (2) for work performed in satisfactory and/or at least workmanlike fashion.  At most, Servco could only have been entitled to a payment of less than 10% of the total fixed contract price, which was an amount less than $63,000.

23.    Notwithstanding, COBANKS remitted payment to Servco in the amount of approximately $158,274.52, which amount signifies 25% of the fixed price of $633,098.11.  This payment unjustly enriched Servco by conferring an undeserved additional benefit on Servco of at least $95,274.52.  Servco knowingly accepted and received undeserved compensation far in excess of the value of the materials and labor that it had provided.

24.    These circumstances as alleged in the preceding paragraphs render it unjust and inequitable for Servco to retain the money COBANKS paid Servco, which exceeded the value of the materials and labor Servco provided.

WHEREFORE Counterclaimant Corporate Bank Financial Services, Inc. respectfully asks that judgment be entered in its favor and against Counter-Defendant Theodor Wille Intertrade GmbH, d/b/a Servco Solutions  on Count II as follows: (a) compensatory damages in the amount of at least $95,274.52 or as proven at trial; (b) prejudgment and post-judgment interest; (c) attorneys' fees and the costs associated with this litigation; and (d) such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Defendant/Counterclaimant Corporate Bank Financial Services, Inc. demands a trial by jury on all issues raised in the Complaint and Counterclaim for which a jury trial is available.

Dated: July 2, 2007

Respectfully submitted,

KALBIAN HAGERTY LLP

/S/ Mary M. Baker
Haig V. Kalbian [D.C. Bar # 400976 ]
Mary M. Baker [D.C. Bar #. 443104]
Aaron W. Knights [D.C. Bar # 489555]
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
T: (202) 223-5600
F: (202) 223-6525
*Attorneys for Defendant/Counterclaimant COBANKS*