IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODOR WILLE INTERTRADE GmbH, )
d/b/a SERVCO SOLUTIONS, )
)
    Plaintiff/Counter-Defendant, )
)
v. )  Case No.: 1:07-CV-00907
)  The Hon. Colleen Kollar-Kotelly
CORPORATE BANK FINANCIAL )
SERVICES, INC., )
)
    Counterclaimant/Defendant. )
_____)

**JOINT RULE 26(f) REPORT
AND PROPOSED PRELIMINARY CASE MANAGEMENT ORDER**

Pursuant to Federal Rule of Civil Procedure 26(f) and LCvR 16.3, the above-referenced parties submit this Joint Report and Proposed Preliminary Case Management Order. Counsel for all parties have met and conferred, and have discussed their agreed interest in pursuing settlement negotiations early in this litigation. Accordingly, the parties respectfully submit the following:

    1.    <u>Nature of the Case</u>. The Complaint and Counterclaim in this civil action involve contracts for work attendant to U.S. efforts in the ongoing war in Iraq. Dyncorp International had contracted with Corporate Bank Financial Services ("CBFS"), Defendant and Counterclaimant in this case, to direct the construction of a residential camp for personnel in Al Qaim, Iraq. In July 2006, CBFS in turn contracted with Plaintiff, Theodor Wille Intertrade GmbH, d/b/a "Servco," to provide materials and labor for the construction of the residential camp, although the parties dispute the scope of the work Servco was to perform. The parties also entered into a contract whereby Servco would provide a certain quantity of gravel.

    A dispute subsequently arose between the parties regarding the scope of the agreement and the nature of the work, as well as performance on each side. Plaintiff Servco filed its suit

against CBFS for breach of contract and unjust enrichment on May 15, 2007, seeking $506,212.68 in damages. Servco agreed to an extension of time for CBFS to respond, and then CBFS filed its Answer and Counterclaim on July 2, 2007, denying liability and bringing its own claims for breach of contract and unjust enrichment and seeking approximately $600,000 in damages.

2.    Rule 26 Initial Disclosures. The parties agree to exchange documents and information governed by Rule 26(a) by Friday, November 30, 2007. These will not be filed with the Court.

3.    Early Mediation/Evaluation. The parties agree that they would benefit from an early mediation/evaluation (non-binding) in this case by a Magistrate Judge, and that such a mediation may well assist in settling this case. The parties respectfully request that a settlement conference be set for one day during the week of February 25, 2008 or March 17, 2008, or on such other date thereabouts as is convenient for the Court, the parties, and their counsel. In addition to counsel, representatives of the Plaintiff/Counter-Defendant and the Defendant/Counterclaimant with authority to settle shall attend the mediation in person (unless prior arrangements are made and approved by the Court).

The parties agree to file their respective confidential settlement statements with the Magistrate no later than 10 days prior to the scheduled mediation. These will not be exchanged among the parties. In their statements to the Magistrate, the parties should address the legal merits of the claims, counterclaims, and defenses and potential (or prior) settlement terms. Counsel for the parties shall discuss stipulations of fact and whether the issues may be narrowed, report to the Magistrate any agreements they reach in this regard prior to the mediation date, and be prepared to address those matters in a supplemental Rule 26(f) Report, in the event a settlement cannot be reached.

Additionally, the parties agree to separately exchange good faith settlement offers no later than 14 days prior to the scheduled mediation.

4. <u>Discovery and Further Rule 26(f) Topics.</u> Discovery and the parties' obligations to address further Rule 26(f) topics shall be held in abeyance until it is determined whether an early settlement can be reached. If settlement (reflected in writing), cannot be reached by March 21, 2008, or such other date to which the parties may consent and the Court may approve, the parties' counsel shall meet and confer by telephone at the earliest date convenient, but in no event later than March 31, 2008, and shall, on or before April 10, 2008, submit to the Court a Supplemental Rule 26(f) Report, containing a Rule 26(f) discovery plan and such case management matters under Rules 26(c) and 16(b) and (c) as to which the parties may agree, including any factual and issue narrowing stipulations to which the parties have agreed.

ENTERED, on this the _____ day of _____, 2007.


_____
JUDGE, United States District Court


APPROVED FOR ENTRY:


<u>/S/ Phillip C. Zane (D.C. Bar No. 452939)</u>
Phillip C. Zane, D.C. Bar No. 452939
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
555 Eleventh Street, NW
6th Floor
Washington, D.C. 20004
Phone: (202) 508-3400
Fax: (202) 220-2290
pzane@bakerdonelson.com

    and

Steven H. Trent, TN BPR No. 016322
Chad E. Wallace, TN BPR No. 021741
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
100 Med Tech Parkway
Suite 200
P.O. Box 3038
Johnson City, Tennessee 37602
Phone: (423) 928-0181
Fax: (423) 928-5694
cwallace@bakerdonelson.com
strent@bakerdonelson.com

*Counsel for Plaintiff/Counter-Defendant*

and

/S/ Mary M. Baker (D.C. Bar No. 443104)
Haig V. Kalbian [D.C. Bar # 400976]
Mary M. Baker [D.C. Bar #. 443104]
Aaron W. Knights [D.C. Bar # 489555]
888 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: (202) 223-5600
Fax: (202) 223-6525
hkalbian@kalbianhagerty.com
mmb@kalbianhagerty.com
aknights@kalbianhagerty.com

*Counsel for Defendant/Counterclaimant*